*Lenois v. CCAPS, LLC,* No. 138-3-14 Wmcv (Wesley, J., June 12, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                                        CIVIL DIVISION
Windham Unit                                                    Docket No. 138-3-14 Wmcv

Lenois et al vs. CCAPS, LLC d/b/a Servicemaster et

**ENTRY REGARDING MOTION**

Title:          Motion to Strike Jury Demand (Motion 5)
Filer:          CCAPS, LLC
Attorney:       Erin Heins Miller
Filed Date:     May 6, 2015

Response filed on 05/19/2015 by Attorney James Valente for Plaintiff Samirah Evans Lenois
Response filed on 06/01/2015 by Attorney Erin Heins Miller for Defendant MAJE, LLC

**The motion is GRANTED.**

*Factual Background*

Plaintiffs entered into a contract with Defendants CCAPS, LLC and MAJE, LLC (together, the "Elite Defendants") to oversee and manage construction and repair work for Plaintiffs' house which suffered significant damage due to a fire. The Elite Defendants did not perform the actual construction work. Plaintiffs made a separate agreement with Defendants Brendan Kavanaugh and Paradox Solid Surface, Inc. (the "Paradox Defendants") to perform the construction work. Plaintiffs' signed a contract with the Elite Defendants on April 29, 2013. See Elite Def's Ex. A. The contract is a one page document that sets out the price to be paid and the scope of the work to be performed. The relevant portion of the contract provides as follows:

> **Article 6: Limitation on Damages/Waiver of Jury Trial**
> The parties hereby waive the right to seek or collect indirect, consequential, punitive, exemplary or special damages in any action arising out of or relating to this Agreement. The parties also irrevocably waive trial by jury in any action arising out of or relating to this agreement.

Plaintiffs have since asserted claims for breach of contract, negligence, and consumer fraud against the Elite Defendants.[1] Generally, Plaintiffs allege that the Elite Defendants failed to adequately supervise and ensure the construction work was performed in a workman like manner and in accord with industry standards and failed to uphold their contractual duties. In

---

[1] Plaintiffs have also asserted claims against the Paradox Defendants. For the purposes of this order, except for fn. 3 below, a discussion of those claims is unnecessary.

the complaint, Plaintiffs demand a jury trial.  Elite Defendants then moved to strike Plaintiffs' demand for a jury trial, arguing the right to a jury was waived by agreement of the parties.

*Discussion*

The Seventh Amendment to the United States Constitution and Chapter II, § 38 of the Vermont Constitution ensures litigants the right to a jury in civil trials. That right, however, is not automatic and may be waived. See V.R.C.P. 38(d). Waiver can come in the form of an agreement by the parties. See VT. Const. Ch. II § 38 ("Trials . . .  shall be by Jury, except where parties otherwise agree."). Or, the right may be waived by failing to make a timely request for a jury. See *Bloomer v. Gibson*, 2006 VT 104, ¶ 14, 180 Vt. 397.

Based on the provision in their contract indicating that the parties did "otherwise agree," the Elite Defendants assert that the express language of Article 6, located right above the space for Plaintiffs' signatures on the actual contract, was a valid and binding waiver of Plaintiffs' rights to a jury trial. In response, Plaintiffs do not contest that they signed the contract or assert that the terms are ambiguous, but rather argue that the waiver is unenforceable because they did not knowingly, intentionally and voluntarily waive their rights. [2] Plaintiffs highlight that the contract was a standard form that they had no input in drafting, they signed the contract without advice of counsel, and the contract did not include language informing Plaintiffs of their right to seek a jury trial or their right to request modifications to the contract.[3]  The Court finds Plaintiffs' arguments unpersuasive as they fail to challenge the clear and binding contractual agreement to waive a jury trial.

Initially, as a general matter, "prelitigation contractual jury waivers are neither against public policy nor are they unenforceable." *L&R Realty v. Connecticut Nat. Bank*, 715 A.2d 748, 753 (Conn. 1998); see also *Connecticut Nat. Bank v. Smith*, 826 F.Supp. 57, 59 (D.R.I. 1993). The

---

[2] Plaintiffs also appear to argue that the waiver of the right to a jury trial acts as, or is equivalent to, an exculpatory clause limiting the Elite Defendants' liability and thus is against public policy. See *Provoncha v. Vermont Motocross Ass'n*, *Inc.*, 2009 VT 29, ¶ 15, 185 Vt. 473. This argument is misplaced; a waiver of the right to a jury trial does not act as an exculpatory clause that limits the Elite Defendants' liability for negligent conduct. See *id*. The right to a jury trial is frequently waived, and such a waiver is not against public policy. See 12 V.S.A. § 5652; see also *L&R Realty v. Connecticut Nat. Bank*, 715 A.2d 748, 753 (Conn. 1998).

[3] Plaintiffs also argue that matters of judicial economy warrant a denial of the Elite Defendants' motion. Plaintiffs assert, because they are entitled to a jury trial against the Paradox Defendants, granting the Elite Defendants' motion will act to sever the trials increasing the cost on the parties and the court system. Matters of judicial economy, however, are for the Court to consider and do not provide Plaintiffs a substantive legal argument. Moreover, despite Plaintiffs' assertions, two separate trials likely will not be necessary.  If Plaintiffs wish to have their claims against the Paradox Defendants tried before a jury, they are entitled to that right. Yet, in that instance, the case could be presented in a single trial, in which the Court would decide the claims against the Elite Defendants while the jury would determine the claims against the Paradox Defendants. The Court defers further consideration of the presentation of evidence pending further pre-trial development and a subsequent status conference.

standard rule in enforcing contract terms is that where the language is unambiguous and the intent of the parties is clear, the terms of the contract prevail. See *Arnold v. Cantini*, 154 Vt. 142, 146 (1990). Here, there is no ambiguity in language of the contractual waiver of the right to a jury trial. See *id.* However, when a contract purports to waive the parties' rights to a jury trial, some courts have held that for the contractual waiver of a litigant's right to a jury trial to be enforceable, it must be "made knowingly, intentionally, and voluntarily." *Merrill Lynch & Co., Inc. Allegheny Energy*, *Inc.*, 500 F.3d 171, 188 (2d Cir. 2007). While a majority of courts employ this waiver analysis, some have expressed doubt about whether any heightened standard should apply, and rather assess the provision as any other aspect of the contract. See *IFC Credit Corp. v. United Business & Indus. Federal Credit Union*, 512 F.3d 989, 994 (7th Cir. 2008) (holding that bench-trial agreements in form contracts need not be "attended by extra negotiation or depend on evidence of voluntariness beyond what is required to make the rest of the contract legally effective."). The Second Circuit has looked to four factors to determine if a waiver of the right to a jury trial was knowing and intentional, and these include: "1) the negotiability of contract terms and negotiations between the parties concerning the waiver provision; 2) the conspicuousness of the waiver provision in the contract; 3) the relative bargaining power of the parties; and 4) the business acumen of the party opposing the waiver." *Morgan Guar. Trust Co. of New York v. Crane*, 36 F.Supp 2d. 602, 604 (S.D.N.Y. 1999).

Even assuming the applicability of the more stringent standard stated in *Merrill Lynch & Co.*, the Court finds the waiver knowing, intentional and voluntary and thus grants Defendants' request to strike Plaintiffs' jury demand. The fact that the contract here was a standard form contract does not render the jury waiver unenforceable. See *Smith*, 826 F.Supp. 57 at 60. At the time the contract was entered into, Plaintiffs were under no obligation to hire the Elite Defendants, and there is no suggestion that the Elite Defendants had a monopoly on the type of services they provide, or that Plaintiffs were somehow restricted in the exercise of their power as consumers. There is also nothing to suggest that Plaintiffs suffered unequal bargaining leverage while negotiating the contract. In fact, it appears that certain terms were negotiated and changed from the original offer in order to fit the Plaintiffs' wishes. Moreover, the waiver provision is not buried in a lengthy document, but rather appears under a clear heading on the single page encompassing the entirety of the contract, directly above the area for Plaintiffs' signatures. See *id*. (finding jury waiver clause contained on fourth page of guaranty document enforceable). Finally, the contract is not overly complex and does not contain excessive legalese or jargon. Rather, the brevity and simplicity of the contract suggests that Plaintiffs, without the help of counsel, could understand the impact the contract imposed on their legal rights.

For the foregoing reasons, the Court concludes there is no reason to disregard the express terms of the written contract between Plaintiffs and the Elite Defendants.

**WHEREFORE,** it is hereby **ORDERED** : The Elite Defendants' motion to strike Plaintiffs' demand for a jury trial is **GRANTED**.

Electronically signed on June 12, 2015 at 11:17 AM pursuant to V.R.E.F. 7(d).

_____

John P. Wesley
Superior Court Judge

Notifications:
James Valente (ERN 4847), Attorney for Plaintiff Christopher Lenois
James Valente (ERN 4847), Attorney for Plaintiff Samirah Evans Lenois
Erin Heins Miller (ERN 1600), Attorney for Defendant CCAPS, LLC
Defendant Brendan Kavanaugh
Defendant Paradox Solid Surface, Inc.
Erin Heins Miller (ERN 1600), Attorney for Defendant MAJE, LLC
Neutral Mediator/Arbitrator/Evaluator Gregory S. Clayton